JAP:AHT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

DIOMEDES CANELO-REYES,

        Defendant.

- - - - - - - - - - - - - - - - X

M-10-989

C O M P L A I N T

(T. 8, U.S.C.,
§§ 1326(a) and
1326(b)(2))

EASTERN DISTRICT OF NEW YORK, SS:

      BRYAN FLANAGAN, being duly sworn, deposes and states that he is an Deportation Officer with Immigration and Customs Enforcement, duly appointed according to law and acting as such.

      On or about August 27, 2010, within the Eastern District of New York, the defendant DIOMEDES CANELO-REYES being an alien who had previously been arrested and convicted of an aggravated felony, to wit: Assault in the Second Degree, in violation of New York Penal Law Section 120.05 and was thereafter deported from the United States and who had not made a re-application for admission to the United States to which Secretary of the Department of Homeland Security, successor to the Attorney General, had expressly consented, was found in the United States.

      (Title 8, United States Code, Section 1326(b)(2)).

2

The source of your deponent's information and the grounds for his belief are as follows:[1]

1. I am an Deportation Officer with Immigration and Customs Enforcement ("ICE") and have been involved in the investigation of numerous cases involving the illegal re-entry of aliens. I am familiar with the facts and circumstances set forth below from my participation in the investigation; my review of the investigative file, including the defendant's criminal history record; and from reports of other law enforcement officers involved in the investigation.

2. On or about July 22, 2010, a confidential source ("CS") informed the Federal Bureau of Investigations ("FBI") through a "tip-line" that the defendant DIOMEDES CANELO-REYES, a citizen of Dominican Republic, was living in Brooklyn, New York even though he had been deported after having been convicted of a felony. Specifically, the CS provided an address at which that the CS believed the defendant and his wife were living. The FBI relayed this information to ICE.

3. I conducted a search of immigration records and New York State criminal records and found that the defendant DIOMEDES CANELO-REYES had been convicted of Assault in the Second

---

[1] Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

Degree, in violation of New York State Penal Law Section 120.05 on February 10, 1989 and was ordered removed from the United States on August 1, 1994. Immigration records further indicated that the defendant subsequently absconded and was not removed from the United States until December 19, 2003.

4. On August 24, 2010, the CS informed me that the defendant was planning on leaving the United States for Spain and provided a second address at which he believed the defendant could be found. In response, on August 27, 2010, I went to the second address provided by the CS to locate the defendant. When I arrived at the residence, I knocked on the door and the defendant's wife answered. I informed her that I was a law enforcement official and asked to enter the apartment. The defendant's wife consented. Once inside, I asked the defendant's wife if I could look around the apartment and she consented. While I was in the living room, the defendant came out of a back room. I asked the defendant what his name was and he responded, "Felix Canelo." I asked the defendant for identification and he produced a New York State driver's license bearing the name "Felix Canelo." However, the photograph on the driver's license was of a man who was not the defendant. I asked the defendant if his real name was DIOMEDES and he said, "Yes." I asked the defendant if he had been deported from the United States in the

past and he indicated that he had. I subsequently placed the defendant under arrest.

5. The defendant's fingerprints were taken electronically and were found to match the fingerprints associated with the defendant's February 10, 1989 conviction and the fingerprints taken in connection with the defendant's December 19, 2003 removal.

6. A search of ICE records has revealed that there exists no request by the defendant for permission from either the United States Attorney General of the Secretary of the Department of Homeland Security to re-enter the United States after removal.

WHEREFORE, your deponent respectfully requests that the defendant DIOMEDES CANELO-REYES be dealt with according to law.

_____
BRYAN FLANAGAN
Deportation Officer
Immigration and Customs Enforcement

Sworn to before me this
27th day of August, 2010

_____
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK